UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

v.

**REPORT,
RECOMMENDATION
AND ORDER**

18-CR-0004(EAW)(JJM)

JARON RUTH,

            Defendant.

───────────────────────────────

        These defendant is charged in a five-count Indictment [1][1] with a variety of firearms and controlled substance related violations.[2] Before the court is his remaining motion to suppress statements ([28], pp. 27-28 of 33 (CM/ECF)), as well as the government's cross-motion for reciprocal discovery (government's Response [29], pp. 22-23), which have been referred to me by District Judge Elizabeth A. Wolford for initial consideration [8]. Having considered the parties' submissions [28, 29], viewed the videotape of the interview that defendant seeks to suppress, and heard oral argument on August 24, 2018 [35], the government's cross-motion for reciprocal discovery is granted, and I recommend that defendant's motion to suppress be denied.

## BACKGROUND

        The statements defendant seeks to suppress arise from an April 5, 2016 interview conducted with law enforcement in the Orleans Correctional Facility. Defendant moves to suppress those statements, arguing that they "were not voluntarily made" and sought a hearing to

───────────────────────────────

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]    At the August 24, 2018 oral argument, the remaining portions of defendant's pretrial motion [28] were resolved. *See* August 24, 2018 Text Order [36].

determine whether the statements "were voluntary and made after a[ ] . . . voluntary waiver of the right to counsel" [28], p. 28 of 33 (CM/ECF).  No affidavit or declaration was submitted by defendant in connection with the motion.

At the August 24, 2018 oral argument, I permitted defendant to submit supplemental briefing on the issue of the voluntariness of his statements by September 21, 2018.  August 24, 2018 Text Order [36].  However, that deadline has passed without any supplementation by defendant.

## ANALYSIS

**A.    Defendant's Motion to Suppress**

It is settled law that a motion seeking a suppression hearing must be accompanied by an affidavit from someone having *personal* knowledge of the facts justifying the hearing.  See United States v. Gillette, 383 F.2d 843, 848–49 (2d Cir. 1967).  Indeed, all of my Scheduling Orders, including the four issued in this case, cautioned that "[a]ny motion to suppress statements . . . must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied".  Scheduling Order [11], ¶2.  Ignoring this longstanding requirement, defendant failed to provide an affidavit (or declaration) from an individual with personal knowledge justifying a basis for a suppression hearing, either concerning what transpired during the videotaped interview or before it.  See Gillette, 383 F.2d at 848–49 ("[t]he affidavit submitted for appellant is insufficient in that it does not . . . allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct"); United States v. Militello, 2013 WL 6498961, *2 (W.D.N.Y. 2013) ("[a]n

attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing"); United States v. Perryman, 2013 WL 4039374, *6 (E.D.N.Y. 2013) ("[c]ourts in this Circuit have repeatedly denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge" (citing cases)).

Nor does defendant point to anything specific in support of his claim that his statements and Miranda waiver were involuntary. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Flores v. Tryon, 2017 WL 3705124, *3 n. 4 (W.D.N.Y. 2017) (Wolford, J.) ("it is not this Court's responsibility to raise and make counsel's arguments for them"). In any event, I have viewed the video of the interview,[3] and find no basis to conclude that defendant's statements or Miranda waiver were involuntary. Therefore, I recommend that this motion be denied without a hearing.

**B.    Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [29], pp. 22-23. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Defendant has not opposed this request. Therefore, it is granted.

---

[3]    The government has agreed to not proffer as part of its case in chief any portion of the interview after defendant invoked his right to counsel (at approximately the 26:24 mark of the video). August 24, 2018 Text Order [36]. In a September 25, 2018 e-mail, defendant's counsel stated that she would not be submitting any brief on the issue of whether these statements could be used by the government for purposes of cross-examination should defendant elect to testify.

The government also moves for disclosures pursuant to Fed. R. Evid. 807. Government's Response [29], pp. 22-23. Defendant has also not opposed this request. Therefore, it is also granted, and defendant shall comply with the notice provisions of Fed. R. Evid. 807(b).

**CONCLUSION**

For these reasons, the government's cross-motion for reciprocal discovery (government's Response [29], pp. 22-23) is granted, and I recommend that defendant's remaining motion to suppress statements ([28], pp. 27-28 of 33 (CM/ECF)) be denied. Unless otherwise ordered by Judge Wolford, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by October 15, 2018. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new

-5-

legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: October 1, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
